IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK12-80748-TLS |
| | ) | |
| RENEE C. REINSCH, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

Trial was held in Omaha, Nebraska, on November 27, 2012, on Debtor's amended Chapter 13 plan (Fil. #47) and an objection filed by creditor Ken Cousino (Fil. #56). Van A. Schroeder appeared on behalf of Debtor and Kathryn J. Derr appeared on behalf of Mr. Cousino. Evidence and live testimony were presented. The parties have submitted closing briefs and the matter is ready for decision. For the reasons stated below, the objection is overruled and the amended plan can be confirmed.

### *Background*

The facts are generally undisputed and all of the filed exhibits were admitted into evidence without objection. Ken Cousino is Debtor's former spouse. They were divorced on August 26, 2010. The divorce decree ordered Debtor and Mr. Cousino to each pay certain marital debts and to hold the other harmless therefrom. Debtor filed this Chapter 13 case on April 9, 2012, listing Mr. Cousino as a creditor along with the marital debts she was ordered to pay under the divorce decree.

Debtor filed amended Schedules I and J on July 27, 2012 (Fil. #30), which reflected monthly net income (Schedule I income minus Schedule J expenses) of $887.44. On August 31, 2012, Debtor filed her second amended plan which proposes to pay, in pertinent part, $887.00 per month to the Chapter 13 trustee to fund the plan. In addition, Debtor would pay all of her tax refunds during the plan to the trustee. Mr. Cousino objected to the plan and asserted that Debtor is not devoting her full disposable income to payment of creditors under the plan. After an initial hearing, the objection was set for trial. Shortly before trial, Debtor filed an amended Chapter 13 Statement of Current Monthly and Disposable Income which showed that she had income above the state median and had monthly disposable income under § 1325(b)(2) of $365.26 (Fil. #69).

After trial, counsel for Mr. Cousino submitted a closing argument brief that identified four issues. First, Cousino asserts that Debtor's actual gross income exceeds the amounts set forth in the amended Statement of Current Monthly and Disposable Income and in amended Schedule I. Second, Cousino believes Debtor should be using a household size of "2" instead of "3" on her means test calculations because their oldest child is an adult (20 years old) and attending college full-time. Third, Cousino believes that certain of Debtor's expenses on Schedule J are unreasonable and should be limited to the amounts allowed on the means test form. Fourth, Cousino argues that Debtor should not be able to deduct the full child support payment on Line 54 of the amended means test form.

*Discussion*

In 2010, the United States Supreme Court decided *Hamilton v. Lanning,* 130 S. Ct. 2464 (2010), providing long-awaited guidance as to the calculation of projected disposable income in a Chapter 13 case, including:

> As previously noted, § 1325 provides that if a trustee or an unsecured creditor objects to a Chapter 13 debtor's plan, a bankruptcy court may not approve the plan unless it provides for the full repayment of unsecured claims or "provides that all of the debtor's projected disposable income to be received" over the duration of the plan "will be applied to make payments" in accordance with the terms of the plan. 11 U.S.C. § 1325(b)(1); *see also* § 1325(b)(1) (2000 ed.).

*Id.* at 2469.

> BAPCPA left the term "projected disposable income" undefined but specified in some detail how "disposable income" is to be calculated. "Disposable income" is now defined as "current monthly income received by the debtor" less "amounts reasonably necessary to be expended" for the debtor's maintenance and support, for qualifying charitable contributions, and for business expenditures. § 1325(b)(2)(A)(i) and (ii) (2006 ed.).

*Id.*

> The phrase "amounts reasonably necessary to be expended" in § 1325(b)(2) is also newly defined. For a debtor whose income is below the median for his or her State, the phrase includes the full amount needed for "maintenance or support," see § 1325(b)(2)(A)(i), but for a debtor with income that exceeds the state median, only certain specified expenses are included, *see* §§ 707(b)(2), 1325(b)(3)(A).

*Id.* at 2470 (footnote omitted).

> [Section] 1325(b)(1) directs courts to determine projected disposable income "as of the effective date of the plan," which is the date on which the plan is confirmed or becomes binding, *see* § 1327(a).

*Id.* at 2474.

> As the Tenth Circuit recognized in this case, a court taking the forward-looking approach should begin by calculating disposable income, and in most cases, nothing more is required. It is only in unusual cases that a court may go further and take into account other known or virtually certain information about the debtor's future income or expenses.

*Id.* at 2475.

> Consistent with the text of § 1325 and pre-BAPCPA practice, we hold that when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation.

*Id.* at 2478.

Cousino's first objection to confirmation is that Debtor has understated her gross monthly income. Debtor's amended means test form claims gross wages of $6,035.11 per month based on her average monthly income for the six-month period prior to filing the case. Cousino has not pointed to any evidence proving that number inaccurate. Instead, Cousino points out that for the calendar year 2012, Debtor's pay advices indicate she had average gross income of $6,422.00 per month through October, an increase of $387.00 per month over the amount disclosed on the means test. The Supreme Court has instructed us to first calculate disposable income according to the statute, and then account for changes that are known. Cousino's argument seems to be that since the increase in Debtor's income has happened already, it should be factored into the disposable income calculation by adding the increase of $387.00 per month (less applicable taxes) to the means test monthly disposable income result.

On the surface, this portion of the objection has merit. However, Debtor did testify that a portion of her income each pay period is funded by use of "banked" hours for paid-time-off and similar benefits. In other words, she is using benefits she has built up to supplement her income to meet her cash needs. Her point is that she is using benefits, not actually making more money, and at some time in the future she will use up those extra benefits, although the calculation is complicated.[1] The argument seems to be that the $387.00 per month increase in income is not of the type that is "known or virtually certain to occur." I believe the evidence does show that Debtor's income is somewhat higher than the number she used in her calculations but, for the reasons she states, probably not to the full extent of $387.00 per month. Regardless, even if the full $387.00 per month is added to her means test monthly disposable income result of $365.00, the total is still less than she is proposing to pay to unsecured creditors in her plan. Her proposed plan payment is $887.00 and all but administrative expenses will end up in the hands of unsecured creditors. Therefore, this objection is overruled.

Cousino's second objection is that since Debtor's oldest child is a 20-year-old full-time college student attending a school out of state, Debtor should be limited to a household size of "2" (Debtor and one minor child) when calculating expenses on the means test form. I disagree. Without repeating all of his extensive analysis, I agree with Judge Huennekens of the Eastern District of Virginia "that the term 'household' as used in 11 U.S.C. § 1325(b) includes the debtor and the persons who operate in the aggregate with the Debtor as an economic unit." *In re Robinson,* 449

---

[1] It seems she continues to earn the benefits, but at a slower rate than she is using them.

B.R. 473, 484 (Bankr. E.D. Va. 2011). Debtor testified that her daughter returns home during school breaks and on some weekends and that Debtor provides substantial financial support to her, including college expenses, food, clothing, car insurance, and cellular phone. It seems clear that the oldest daughter is, at this time, a part of the household economic unit. Therefore, Cousino's objection to the household size is overruled.

Cousino's third objection is that certain of Debtor's expenses on Schedule J are unreasonable. This objection came about because both parties incorrectly focused on Debtor's disposable income calculation as set forth in Schedules I and J. In *Lanning,* the Supreme Court did not tell the courts to ignore the means test and calculate disposable income using Schedules I and J. Instead, the Court was quite clear that a debtor's disposable income should be calculated first according to the statute (*i.e.*, the means test) and then "only in unusual cases" take into account changes in income or expenses that are known or virtually certain to occur. Debtor is an above-median debtor and therefore she completed the means test form with the specified standard expenses, not her Schedule J expenses. Therefore, this objection is overruled.

Finally, Cousino argues that a deduction on Line 54 of the means test for the full amount of child support Debtor receives should not be allowed because Debtor has not presented evidence that the entire amount is reasonably necessary to be expended for such child. I disagree. The means test calculation clearly excludes child support income to the extent reasonably necessary to be expended. Here, Debtor has produced her amended Schedule J listing her actual monthly expenses. Debtor also offered into evidence her bank statements and utility bills. Under the circumstances of this case, Debtor's evidence is sufficient to allow Debtor a full deduction of child support on Line 54 of the means test. Cousino has not presented any evidence to the contrary. Therefore, his objection is overruled.

IT IS, THEREFORE, ORDERED that the amended Chapter 13 plan (Fil. #47) may be confirmed. Separate confirmation order to be entered.

DATED: January 23, 2013.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
　　*Van A. Schroeder
　　Kathryn J. Derr
　　Kathleen Laughlin
　　United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.